UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE FERNANDO OSORIO AGUIRRE,
SELAN VILLANUEVA, SALVADOR
MONTOYA RAMIREZ, NERI PALACIOS,
and JOSE ODIN CANALES RODRIGUEZ,
*Individually and on Behalf of All Others*
*Similarly Situated*,

**MEMORANDUM**
**AND ORDER**

                                    Plaintiff,                          21-CV-00191 (JMW)

                    -against-

A & S VEGETABLES INC., MAHARAJA
ASIAN SUPERMARKET INC., JAR 259
FOOD CORP., KRISHNA HOLDING INC.,
AMANDEEP SINGH, NARINDER SINGH
GAHRA, and KULJIT KAUR, *Jointly and*
*Severally*,

                                    Defendant.
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

Brent E. Pelton, Esq.
Taylor B. Graham, Esq.
**Pelton Graham LLC**
111 Broadway, Ste 1503
New York, NY 10006
*Attorney for Plaintiffs*

Satish K. Bhatia
**Bhatia & Associates, PLLC**
1270 Broadway, Ste 304
New York, NY 10001
*Attorney for Defendant Krishna Holding Inc.*

Aneeba Rehman, Esq.
Nadia M. Pervez, Esq.
**Pervez & Rehman, P.C.**
6268 Jericho Turnpike, Ste 8
Commack, NY 11725
*Attorney for Defendants  A & S Vegetables Inc.,*
*JAR 259 Food Corp., Amandeep Singh,*
*Narinder Singh Gahra, and Kuljit Kaur*

*No Appearance by Defendant Maharaja Asian Supermarket Inc.*

**WICKS**, Magistrate Judge:

Plaintiffs Jose Fernando Osorio Aguirre, Selan Villanueva, Salvador Montoya Ramirez, Neri Palacios, and Jose Odin Canales Rodriguez commenced this action as a class and collective action, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL") against Defendants A & S Vegetables Inc., JAR 259 Food Corp., Amandeep Singh, Narinder Singh Gahra, Kuljit Kaur (the "A & S Vegetables Defendants"), Krishna Holding Inc., and Maharaja Asian Supermarket Inc.[1] arising out of alleged wage violations that occurred from 2015 to 2020. (DE 1.) Plaintiffs claim that the Defendants violated the FLSA and NYLL by failing to pay minimum wage, overtime and spread of hours premiums, as well as provide wage statements or notices. (*Id*.) Defendants contest these allegations and aver that the Plaintiffs were accurately compensated. (DE 45.) In essence, the parties present a true factual and legal dispute as to the alleged violations.

The parties were referred to the EDNY FLSA Mediation panel and on May 25, 2022, attended a mediation before James A. Brown as the Mediator. Settlement was not reached at that time. (Electronic Orders dated Jan. 4, 2022, and June 21, 2022.) Despite the *bona fide* dispute between them, the parties ultimately achieved a settlement and informed the Court accordingly on August 29, 2022.[2] (DE 44.) On September 28, 2022, the parties moved in accordance with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015), for approval of the

---

[1] Defendant Maharaja Asian Supermarket Inc. never appeared in the action, and is in default. (DE 18.) Thus, it is not impacted by the proposed settlement agreement. *See Mendoza v. Connecticut Closet & Shelf, L.L.C.*, No. 3:20-CV-01449 (KAD), 2021 WL 6497235, at *1 n. 2 (D. Conn. Feb. 22, 2021) (granting settlement approval where entity defendant was non-appearing and not impacted by the settlement agreement). For convenience, the appearing defendants are hereinafter simply referred to as "Defendants."

[2] There has been no collective or class certification to date. The settlement is between the named Plaintiffs and the appearing Defendants only.

2

parties' settlement agreement.  (DE 45.)  On October 19, 2022, the parties filed a fully executed

Settlement Agreement.  (DE 47.)  All parties have signed a consent form, pursuant to 28 U.S.C.

§ 636(c) and Fed. R. Civ. P. 73, granting this Court the power to conduct all proceedings in this

matter and enter a final judgement.  (DE 48.)  For the following reasons, the motion for

settlement approval is hereby **GRANTED**.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41 provides, in relevant part, that:

Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i)     a notice of dismissal before the opposing party serves either an answer of a motion for summary judgment; or

(ii)    a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" under

Rule 41 because of "the unique policy considerations underlying" the act.  *Cheeks*, 796 F.3d at

206.  Such considerations include the laudable aim of "'extend[ing] the frontiers of social

progress by insuring to all our able-bodied working men and women a fair day's pay for a fair

day's work.'"  *Id*. (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).  Thus, in

this Circuit, Rule 41's "stipulated dismissals settling FLSA claims with prejudice require the

approval of the district court or the [Department of Labor] to take effect."  *Id*.

"Generally, if the proposed settlement reflects a reasonable compromise over contested

issues, the settlement should be approved" by the reviewing court.  *Ceesae v. TT's Car Wash

Corp.*, No. 17-CV-291 (ARR) (LB), 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018) (internal

quotation marks and citation omitted), *report and recommendation adopted*, 2018 WL 741396

3

(Feb. 7, 2018).  In reviewing the reasonableness of the proposed settlement, courts consider the totality of the circumstances, including relevant factors such as:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*¸ 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citations omitted) ("*Wolinsky* Factors").

> Factors weighing *against* settlement approval include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id*. (internal quotation marks and citations omitted).

Even if an application of the *Wolinsky* Factors demonstrates that the agreement is reasonable, the court must also consider whether the settlement "complies with the Second Circuit's admonitions as articulated in *Cheeks*."  *Ezpino v. CDL Underground Specialists, Inc.*, No. 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *1 (E.D.N.Y. June 30, 2017) (citation omitted), *report and recommendation* adopted, 2017 WL 3037406 (E.D.N.Y July 17, 2017). Courts should guard against "highly restrictive confidentiality provisions," overbroad releases that "would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," and "a[ny] provision that would set the fee for plaintiff's attorney . . . without adequate documentation." *Cheeks*, 796 F.3d at 206 (citation omitted).

Related to the final admonition, courts must also ensure that any attorney's fees provided for in the agreement are reasonable. *See* 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action."); *see also Ceesae*, 2018 WL 1767866 at *2 (noting that courts engaging in a *Cheeks* review must "evaluate[] the reasonableness of any attorney's fees included in the proposed settlement" (citing 29 U.S.C. § 216(b)).

Where a court "concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher v. SD Protec. Inc.*, 948 F.3d 593, 597 (2d Cir. 2020). That is, it is not this Court's role to "blue pencil" or modify the proposed agreement. Rather, the Court's role is simply to assess the terms of the proposed settlement to ensure that the agreement is fair and reasonable. *Wolinsky*, 900 F. Supp. 2d at 335 ("[B]efore a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable."). It is against this backdrop that the undersigned reviewed the proposed settlement.

## **DISCUSSION**

Following a court-annexed mediation on May 26, 2022 and a lengthy negotiation process thereafter, the parties finally achieved a settlement (DE 42; DE 44), executing and filing a proposed settlement agreement ("Settlement Agreement") for the Court's review and approval. (DE 47-1.) In short, the settlement provides that Plaintiffs' claims in this suit would be dismissed with prejudice against Defendants, who would pay Plaintiffs $40,000 in valid consideration. (*Id.*) Plaintiffs' counsel requests $12,828.33—less one-third of the net total settlement amount—in attorneys' fees and $1,515.00 representing the costs and expenses incurred by Plaintiff to date. (*Id.*) For the reasons set forth below, the Court finds that the

5

monetary and non-monetary terms of the settlement are generally fair, reasonable, and pass

muster under *Cheeks*.

***Reasonableness of the Settlement***

Based on the parties' submissions—the parties' request for settlement approval (DE 45)

and the executed Settlement Agreement (DE 47-1)—the Court finds that the application of the

*Cheeks* factors favor approval.

*First*, the Settlement Agreement provides for a total payment of $40,000, approximately

two-thirds of which will be paid to Plaintiffs as compensation for the alleged unpaid minimum

wages, overtime wages, and spread of hours premiums.  (DE 45.)  The $40,000 is set to be

distributed using a payment schedule set forth in Schedules "A" and "B" of the Settlement

Agreement.  (DE 47-1.)  Specifically, the A&S Vegetables Defendants are to pay Plaintiffs

$32,500 and Krishna Holding, Inc. is to pay Plaintiffs $7,500.  (*Id.*)  This amount is reasonable.

Plaintiffs allege a total of $530,907.86 in unpaid wages, wage notice and wage statement

damages, liquidated damages, and prejudgment interest.  (DE 45.)  Defendants, on the other

hand, contend that all wages were properly paid to Plaintiffs, evidenced by the payroll

documents which allegedly reflect the actual hours worked by the Plaintiffs and the amount of

wages paid.  (*Id.*)  Thus, Defendants allege they are not liable for any unpaid wage claims.

According to Plaintiffs' estimated calculation of damages, this settlement makes up only

a percentage of what Plaintiffs believe they would receive following a favorable verdict at trial.

(*See* DE 47.)  However, this figure makes up a satisfactory portion of Plaintiffs' potential, best-

case scenario recovery, particularly in light of the expenses and risks associated with continuing

litigation, as discussed below.  *See Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 448

(E.D.N.Y. 2022) (approving settlement amount of 13.8% of alleged damages and collecting

cases approving similar amounts). In addition, the A&S Vegetables Defendants have provided Plaintiffs with documentation showing that some of them have substantial judgments against them and one of the corporate defendants is in bankruptcy proceedings. (DE 45.)

*Second*, the Court agrees with Plaintiffs that settlement will avoid extensive litigation costs by avoiding further document drafting, researching, and engaging in further communications. Although this action was commenced in early 2021, the parties' focus on trying to resolve the case has placed the parties are at a relatively early stage of discovery. The Court finds that the proposed settlement will allow the parties to undoubtedly avoid the inevitable burdens and expenses in extensive discovery, document drafting, and research that would accompany this matter on its path to trial. Thus, this factor weighs in favor of approval.

*Third*, there is a *bona fide* dispute between the parties and settlement is a means of avoiding significant litigation risks for both sides. Plaintiffs and Defendants each presented wage and hours evidence that a trier of fact could reasonably find quite persuasive. (*See* DE 45.) Plaintiffs allege over $530,000 in damages, while Defendants assert that they do not owe anything to the Plaintiffs. (*Id.*)

*Fourth*, the Court finds that the parties have properly engaged in bargaining at arms-length to reach this settlement agreement. This is evinced by the parties attending an EDNY FLSA mediation and the work of their experienced counsel in both preparation for that mediation, as well as engagement in post-mediation settlement discussions.

*Fifth*, the parties and counsel negotiated in good faith and agreed upon the terms within the settlement agreement. (*See* DE 45.) Plaintiffs represent, and the ultimate number indeed reflects, that all parties made compromises on their positions, financially and otherwise, to achieve a fair and reasonable settlement. (*Id.*) Accordingly, there is no indication in the record

that the settlement is a product of fraud, coercion, or collusion.  In sum, the parties have come to a reasonable settlement after arms-length negotiations which permits them avoiding the risks and burdens of litigating this dispute.

The next part of the analysis is whether any of the *Wolinsky* Factors that weigh against settlement compel rejection of the otherwise valid proposed settlement.

*First*, as to whether there are similarly situated workers employed by Defendants, Plaintiffs filed the action as a proposed collective action as authorized by the FLSA, § 29 U.S.C. § 216(b).  (*See* DE 45.)  Though Plaintiffs never formally moved for certification, it is likely that if there were similarly situated workers employed by Defendants, they could have joined the action.  Further, the proposed Settlement Agreement releases Defendants from the claims brought only by Plaintiffs.  (*See* DE 47.)  Any similarly situated workers, if they chose to litigate, would not be prejudiced from pursuing a future claim against Defendants.

*Second*, given the time and resources spent during the litigation process, as well as the issues arising from Defendants' financial viability, it is likely that the Defendants will be deterred from violating the FLSA and NYLL, as alleged by Plaintiffs, in the future.  It is also unlikely that Plaintiffs' individual circumstances will reoccur.

*Third*, the Court finds that the record is bereft of any history of non-compliance with the FLSA by the same employer or other employers in the same industry or geographic region. Further, the parties have not suggested otherwise.

*Fourth*, though the Court acknowledges that the desirability of a mature record that further develops labor law may exist in some cases. Here, there is no special reason implicating that interest.  Nonetheless, this factor alone does not compel denying a motion for approval of this settlement.  While it is possible that further discovery could reveal more information as to

similarly situated workers or a proper calculation of hours worked by Plaintiffs, the parties have agreed not to venture down this path.

Finally, the proposed Settlement Agreement does not contain any of the problematic provisions that are identified in *Cheeks*. There is no confidentiality provision (DE 47-1), and the non-disparagement clause is not an issue given that it permits truthful statements (DE 47-1). Although the agreement contains a release, it is not an unfettered general release requiring that Plaintiffs waive any and all claims that they may have against Defendants. (DE 47-1.) Rather, it is limited to claims that were, and could have been, brought under the FLSA and NYLL up to the date of the Settlement Agreement. (DE 47-1.) The release is thus reasonable. *Garcia v. Grandpa Tony's Enterprises LLC*, No. 20-CV-4691 (JMW), 2021 WL 4949030 at *2 (E.D.N.Y. Oct. 25, 2021).

As discussed more fully below, Plaintiffs' counsel has provided documentation supporting the proposed attorneys' fees and costs, which the Court finds are fair and reasonable. (DE 47.)

### *Attorneys' Fees*

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016) (citation omitted). Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases. *See, e.g.*, *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 12, 2014) (citing *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)); *see also Fischer v. SD Protection Inc.*, 948 F.3d 593, 602 n.8 (2d Cir. 2020) (citing cases); *Singh v. MDB*

*Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate").

Even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar "cross-check" and "compare the fees generated by the percentage method with those generated by the lodestar method." *Mobley v. Five Gems Mgmt. Corp.*, No. 17-Civ.-9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted). "[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *see also In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) ("Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable.") (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)).

Here, Plaintiffs' counsel requests $12,828.33 out of the $40,000 settlement. Plaintiff's counsel requests an additional $1,515.00 for litigation costs, which, when totaled together, equates to $14,343.33 in attorneys' fees. (DE 45.) Plaintiffs' counsel has requested exactly one-third of the total settlement amount less the actual litigation costs, which is consistent with what was agreed upon between Plaintiffs and their counsel in his retainer agreement. (*Id.*) Moreover, the Court finds that the $1,515.00 in litigation costs were incidental and necessary to representing Plaintiffs, as well as reaching a settlement in this matter. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their

clients, as long as they were incidental and necessary to the representation of those clients")
(internal quotation marks omitted). Thus, based on this Circuit's reliance on the one-third
contingency fee standard, the requested $12,828.33 in attorneys' fees and $1,515.00 in litigation
costs are reasonable under the percentage method.

"[E]ven when the proposed fees do not exceed one third of the total settlement amount,
courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of
attorneys' fees." *Navarro Zavala v. Trece Corp.*, No. 18-CV-1382 (ER), 2020 WL 728802, at *2
(S.D.N.Y. Feb. 13, 2020) (quotation and citation omitted). In utilizing the lodestar approach,
courts multiply the number of hours spent on a case by an attorneys' reasonable hourly rate.
*Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Plaintiffs' counsel submitted an affidavit noting that he spent over 135 hours in
prosecuting and settling this matter. (DE 45.) The following attorneys and paralegals worked on
this case: (1) Brent Pelton (who worked 8.2 hours at a rate of $450 per hour); (2) Taylor Graham
(who worked 29.3 hours at a rate of $350 per hour); (3) Joanne Albertsen (who worked 16.35
hours at a rate of $300 per hour); (4) Belinda Herazo (who worked 80.65 hours at a rate of $175
per hour); and (5) Katherine Menjivar (who worked 1.35 hours at a rate of $175 per hour).
Courts in this circuit have approved similar attorneys' fees. *See Guinea v. Garrido Food Corp.*,
No. 19-CV-5860 (BMC), 2020 U.S. Dist. LEXIS 5476, at *4-5 (E.D.N.Y. Jan. 11, 2020) (finding
that "rates of "$350-$450 per hour for partner time, $250-$300 per hour for associate time, and
$125-$175 per hour for paralegal time . . . are reasonable and consistent with rates allowed in

11

this district.").  Plaintiffs' counsel presents a lodestar of $33,188.33,[3] yet requests attorneys' fees of $12,828.33, well below the lodestar calculation.  (*Id.*)

As such, the Court concludes that the requested attorneys' fees and costs are reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for approval of the Settlement Agreement is GRANTED.  The parties shall file a Stipulation of Dismissal with Prejudice as to the appearing Defendants, and without prejudice as to defaulting Defendant Maharaja Asian Supermarket Inc., on or before May 6, 2023, upon the filing of which the Court will direct the Clerk's Office to close this case.


Dated: Central Islip, New York
        April 7, 2023

                                S O   O R D E R E D:

                                /S/ *James M. Wicks*
                                JAMES M. WICKS
                                United States Magistrate Judge

---

[3] The Court calculated the number of hours to be 385.85 and the total amount to be $33,200.  However, this disparity is immaterial given Plaintiffs' counsel is seeking approval for an amount far less than what lodestar would yield.